UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

                Plaintiff,

    v.

DONALD JOHN TRUMP, et al.,

                Defendants.

Case No. 2:24-cv-02001-JLR-TLF

REPORT AND RECOMMENDATION

Noted for January 22, 2025

Plaintiff John Demos, Jr., a state prisoner, has filed an application for leave to proceed *in forma pauperis* ("IFP"), a proposed civil rights complaint and a proposed "petition for writ of quo-warranto." Dkts. 1, 1-1, 1-2. Mr. Demos has also filed several other proposed motions and documents which the Court has considered in evaluating Mr. Demos' IFP application, proposed complaint, and proposed petition. Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11.[1] As discussed below, the action should be dismissed without prejudice and the IFP application (Dkt. 1) should be denied. Mr. Demos' proposed motions (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11) should be denied as moot.

//

//

---

[1] Mr. Demos has filed the following proposed motions: "motion for emergency relief" – seeking to expedite the hearing of his "petition for writ of quo warranto"; "motion for issuance of writ of pro warranto"; "motion for intervention and interpleader of indispensable party to the action"; "motion to allow the named partied to intervene"; "motion for joinder"; "motion for 3rd party intervention; and "motion for stipulation on agreed facts." Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

**A.        Proposed Civil Rights Complaint**

Mr. Demos was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison.[2] *See State v. Demos*, 94 Wash. 2d 733, 734 (1980). Mr. Demos is under pre-filing bar orders in several courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). The Bar Order of this Court provides that Mr. Demos may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]; *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1992).

At the time Mr. Demos submitted his proposed complaint to the Court for filing he had exceeded his annual limit of IFP applications and proposed actions for the year 2024. *See, e.g.*, *Demos v. State of Washington Department of Corrections, et al.*, Case No. 24-cv-5809-BJR (W.D. Wash. filed Sept. 20, 2024); *Demos v. Musk, et al.*, Case No. 24-cv-1581-RSL (W.D. Wash. filed Sept. 24, 2024); *Demos v. Gonzalez, et al.*, Case No. 24-cv-5845-RSM-TLF (W.D. Wash. filed Oct 1, 2024); *Demos v. Simpson, et al.*, Case No. 24-cv-01614-BJR (W.D. Wash. filed Oct. 4, 2024); *Demos v. Strange, et al.*, Case No. 24-cv-01695-KKE (W.D. Wash. filed Oct. 10, 2024); *Demos v. Poli, et al.*, Case No. 24-cv-01731-RSL (W.D. Wash. filed Oct. 18, 2024); *Demos v. Strange, et al.*,

---

[2] The Court notes that Mr. Demos checked the box on his proposed complaint for "civilly committed detainee" and inserted the words "by proxy." Dkt. 1-2. Yet he provides no evidence that his custodial status has changed from a convicted and sentenced state prisoner and so the Court will apply the law applicable to a convicted and sentenced state prisoner.

REPORT AND RECOMMENDATION - 2

1 | Case No. 24-cv-01878-BHS (W.D. Wash. filed Nov. 14, 2024). This alone precludes Mr.
2 | Demos from proceeding with this action.
3 |     The 1992 Bar Order further provides that this Court will not accept for filing a
4 | proposed complaint unless it "is accompanied by an affidavit that the claims have not
5 | been presented in any other action in any court and that [Mr. Demos] can and will
6 | produce evidence to support his claims." 1992 Bar Order at 3. Mr. Demos did not submit
7 | the required affidavit with his proposed complaint.
8 |     Additionally, under 28 U.S.C. § 1915(g), Mr. Demos must demonstrate "imminent
9 | danger of serious physical injury" to proceed IFP because he has had many prior
10 | actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v.*
11 | *Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).
12 |     The Court should hold that Mr. Demos may not proceed with this action. Mr.
13 | Demos names the following as defendants: Donald John Trump (U.S. President Elect)
14 | and "J.P. Vance" (Vice President Elect). Dkt. 1-2. Mr. Demos alleges defendants
15 | violated "the U.S. 'guarantee' as outlined in the U.S. Constitution of a republican form of
16 | government." *Id.* He alleges "due to voter fraud, voter manipulation, voter intimidation,
17 | fake votes, inaccurate vote counting, the rightful heir to the thrown …Ms. Kamala Harris,
18 | was 'unconstitutionally' denied … the U.S. presidency[.]" *Id.* Mr. Demos alleges
19 | defendants violated "the constitutional right to a fair, honest, and above board U.S.
20 | presidential election[.]" *Id.* He alleges "the votes of dead people were counted, mail in
21 | votes were counted, computerized dial in push button votes were counted, votes were
22 | double counted, prejudicial re-configuration of voting districts was allowed, Caucasian
23 | block voting was allowed, cross-over voting under threat and duress was allowed,
24 |
25 |

REPORT AND RECOMMENDATION - 3

voting dilution, or the dilution of votes was allowed[.]" *Id.* He alleges the 2024 presidential election was a "coup d etat" as some voters were "'bribed, misled, threatened … into voting for Donald John Trump." *Id.* As relief, Mr. Demos seeks $25,000,000 in damages. *Id.*

Mr. Demos' proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing."[3] *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Ruiz v. Woodfill*, No. 2:20CV2078, 2020 WL 7054389, at *2 (E.D. Cal. Dec. 2, 2020), *report and recommendation adopted*, No. 2:20-CV-02078, 2021 WL 148385 (E.D. Cal. Jan. 15, 2021); *Andrews*, 493 F.3d at 1057 n. 11.

To meet his burden under § 1915(g), a plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Mr. Demos' allegations do not establish he was in imminent danger of serious physical injury at the time he filed his complaint.

---

[3] The Court notes that it has also considered Mr. Demos' other proposed motions and documents (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11) in evaluating whether he has plausibly alleged imminent danger of serious physical injury with respect to his claims and none of those documents alter the Court's recommendation that Mr. Demos has not satisfied the imminent danger requirement.

REPORT AND RECOMMENDATION - 4

1     Accordingly, for the reasons outlined above, the undersigned recommends Mr.
2 Demos' action should be dismissed without prejudice and the IFP application (Dkt. 1)
3 should be denied.

4 **B.    Proposed "Petition for Writ of Quo-Warranto"**

5     Mr. Demos has also submitted a proposed "petition for writ of quo-warranto"
6 pursuant to 28 U.S.C. § 1651. Dkt. 1-1. In the proposed petition Mr. Demos alleges that
7 "Mr. Trump has unlawfully ursurped [sic] the right to the office." *Id.* He argues that
8 "President Joe Biden should be allowed to remain in office until a shenanigan free
9 presidential election is conducted." *Id.*

10     Even if the Court were to consider this petition separately from the § 1983 civil
11 rights complaint, an Order of this Court provides for the return without filing of any
12 petition by Mr. Demos that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651,
13 2253, or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-
14 0031-JLW (W.D. Wash. Mar. 13, 1997). As noted above, Mr. Demos has not paid a
15 filing fee but has instead applied to proceed IFP. Because Mr. Demos has submitted no
16 filing fee, the petition would be barred by the Court's Order of March 13, 1997.

17     The Court also notes that even if Mr. Demos could bring this action, "[u]nder
18 federal case law, it appears that a quo warranto proceeding can be brought only by the
19 United States, and not by private individuals." *Allah v. Linde*, No. C07-827, 2008 WL
20 1699441, at *1 (W.D. Wash. Apr. 10, 2008) (citing *Johnson v. Manhattan Ry. Co.*, 289
21 U.S. 479, 502 (1933)); *see also Crook v. San Bernardino Cnty. Sheriffs Dep't*, No. C22-
22 10, 2023 WL 4681627, at *1 (C.D. Cal. June 15, 2023) ("Quo warranto is a right of
23 action inherently in the government. A private party does not have standing to bring

24

25

REPORT AND RECOMMENDATION - 5

such a proceeding." (internal quotation marks and citations omitted)); *Bhambra v. Cnty. of Nev.*, No. C09-3124, 2010 WL 3258836, at *3 (E.D. Cal. Aug. 16, 2010) (dismissing application for writ of quo warranto based on private-citizen plaintiff's lack of standing); *Rindal v. Inslee*, No. 2:24-CV-00890-TL, 2024 WL 5199256, at *2 (W.D. Wash. Dec. 23, 2024) (same).

Therefore, even if the Court were to consider Mr. Demos' "petition for writ of quo-warranto" separately from the § 1983 civil rights complaint and such a petition were not barred by the Court's prior Order, it would be subject to dismissal because Mr. Demos lacks standing to bring an application for writ of quo warranto.

## OTHER FILINGS/PROPOSED MOTIONS

Mr. Demos also filed several proposed motions (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11) along with his IFP application, proposed complaint (Dkt. 1-2) and proposed petition (Dkt. 1-1). The Court has reviewed and considered these filings in evaluating Mr. Demos' IFP application, proposed complaint and proposed petition and concludes that they do not affect the Court's recommendation that the action be dismissed without prejudice and that the IFP application (Dkt. 1) be denied. Accordingly, the proposed motions (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11) should be denied as moot.

## CONCLUSION

For all these reasons, the undersigned recommends Mr. Demos' action should be dismissed without prejudice, the IFP application should be denied (Dkt. 1), the other proposed motions (Dkts. 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11) should be denied as moot, and this case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 22, 2025**, as noted in the caption.

Dated this 6th day of January, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7